UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| NADEANE N. HAYNESWORTH, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:18-cv-00362 |
| NORAM DEBT MANAGEMENT, LLC a/k/a NORAM CAPITAL HOLDINGS, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes NADEANE N. HAYNESWORTH ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of NORAM DEBT MANAGEMENT, LLC a/k/a NORAM CAPITAL HOLDINGS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.,* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1367, as the action arises under the laws of the United States. Supplemental jurisdiction exists

1

for Plaintiff's state law claim pursuant to 28 U.S.C. §1367 because it arises out of the common nucleus of operative facts of Plaintiff's federal question claims.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Texas.

### PARTIES

4.  Plaintiff is a natural person over 18 years-of-age residing in Brazoria County, Texas, which is located within the Southern District of Texas.

5.  Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.  Defendant boasts that it "has decades of financial receivables management and debt collection management experience. NDM formed in 2010 and has since engaged in more than $3 billion in debt transactions. Today, we are one of only two brokers certified by the Receivables Management Association."[1] Defendant is a limited liability company organized under the laws of the state of Washington with Anthony Renteria as its registered agent, located at 602 Main Street, Suite 405, Vancouver, Washington 98660.

7.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

9.  In 2016, Plaintiff obtained a personal loan from Cashnet USA Online Loans ("Cashnet").

---

[1] http://noramdebtmanagement.com/about/

10. Due to financial hardship, Plaintiff fell behind on her regular payments to Cashnet, thus incurring debt ("subject debt").

11. Upon information and belief, the unpaid balance of the subject debt is around $950.00.

12. Around the summer of 2018, Plaintiff began receiving calls to her cellular phone (832) XXX-0822.

13. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -0822. Plaintiff is and always has been financially responsible for the cellular phone and its services.

14. Defendant mainly uses the phone number (877) 676-6726 when placing phone calls to Plaintiff's cellular phone. Upon information and belief, Defendant has used other numbers as well.

15. Upon information and belief, the above referenced phone number is regularly utilized by Defendant during its debt collection activities.

16. Upon answering calls from Defendant, Plaintiff has experienced a significant pause, lasting several seconds in length, before being connected to a live representative.

17. Upon speaking with Defendant, Plaintiff is informed that it is acting as a debt collector attempting to collect upon the subject debt.

18. Plaintiff explained her inability to address the subject debt and demanded that Defendant cease contacting her.

19. Despite Plaintiff's demands, Defendant has placed no less than 15 calls to Plaintiff's cellular phone since demanding it to stop.

20. Defendant has called Plaintiff's cellular phone multiple times during the same day, even after being told to stop.

21. On at least one occasion, Defendant unlawfully threatened imprisonment if Plaintiff did not pay the subject debt.

22. On at least one other occasion, Defendant represented that it could continue to call regardless of her demands that it stop calling.

23. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

24. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for an unknown individual, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

<u>COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though full set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

28. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

29. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

30. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes

    a. **Violations of the FDCPA §1692c and §1692d**

31. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

32. Defendant violated §1692c(a)(1), d and d(5) when it repeatedly called Plaintiff after being notified to stop. This behavior of systematically calling Plaintiff's phone on a systematic basis in spite of her demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

33. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### b. Violations of the FDCPA § 1692e

34. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. In addition, this section enumerates specific violations, such as:

> "The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action." 15 U.S.C. §1692e(4).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

36. Defendant violated §1692e and e(4) when it deceptively intimidated Plaintiff by threatening to imprison her. Defendant misleadingly represented that it had the legal ability to imprison her for the nonpayment of the subject debt. Defendant's deceptive threat only served to

5

worry Plaintiff as she was lead to believe that she could be convicted for nonpayment of the subject debt.

37. Furthermore, Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting her, Defendant continued to contact her. Instead of putting an end to this harassing behavior, Defendant placed repeated calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her after she explained that she could not pay.

    c. **Violations of FDCPA § 1692f**

38. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

39. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

40. As plead in paragraphs 23 through 25, Plaintiff has been harmed and suffered damages as a result of Defendant's unlawful actions.

WHEREFORE, Plaintiff, NADEANE N. HAYNESWORTH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

41. Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

42. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

43. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. During answered calls from Defendant, Plaintiff experienced a noticeable pause lasting a handful of seconds in length, and had to repeatedly say "hello" prior to being connected with a live representative, which is instructive that an ATDS was being utilized to generate the calls. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

44. Defendant violated the TCPA by placing at least 15 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff may have given to Defendant by virtue of incurring the subject debt was explicitly revoked by her demands that it cease contacting her.

45. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

46. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, NADEANE N. HAYNESWORTH, respectfully requests that this Arbitrator enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

47. Plaintiff restates and realleges paragraphs 1 through 46 as though fully set forth herein.

48. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

49. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

50. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    **a. Violations of TDCA § 392.302**

51. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously,

8

or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

52. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone numerous times after she notified it to stop calling. This repeated behavior of systematically calling Plaintiff's phone despite her demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

53. Upon being told to stop calling, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing calls to Plaintiff's cellular phone.

WHEREFORE, Plaintiff, NADEANE N. HAYNESWORTH, respectfully requests that this Arbitrator enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 29, 2018                          Respectfully submitted,

s/ Nathan C. Volheim                             s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                 Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                            Counsel for Plaintiff

Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 581-5858 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com